**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4810**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY WORTH WYRICK,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00168-WO-1)

Submitted: August 18, 2017                  Decided: September 14, 2017

Before TRAXLER, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Angela H. Miller, Michael F. Joseph, Terry M. Meinecke, Assistant United States Attorneys, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Worth Wyrick appeals the 51-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Wyrick's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there were no meritorious grounds for appeal but questioning whether the district court erred in running Wyrick's federal sentence consecutive to a sentence that may be imposed on pending state charges. Wyrick was notified of his right to file a pro se supplemental brief but he did not do so. The Government initially declined to file a response brief.

After conducting our *Anders* review, we directed the parties to provide merits briefing on the issue of whether, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court plainly erred in designating Wyrick's 2005 North Carolina felony conviction for breaking and entering a crime of violence under U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A), 4B1.2(a)(2) (2014). After the parties submitted their briefs, we placed this appeal in abeyance for *United States v. Royster*, No. 15-4757, in which this court was slated to resolve whether a North Carolina breaking and entering conviction qualifies as a crime of violence under the career offender guideline. This case came out of abeyance after *Royster* was remanded to the district court. We then directed the parties to submit a second merits brief addressing what impact, if any, *Beckles v. United States*, 137 S. Ct. 886 (2017), has on the previously identified issue. Briefing is now complete. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014).

In evaluating the district court's Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 771 F.3d 225, 235 (4th Cir. 2014). We review unpreserved Guidelines challenges for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015); *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343, 1345 (2016) (describing standard).

As reflected in our initial briefing order, the primary issue in this case was what impact, if any, *Johnson* had on the computation of Wyrick's Guidelines range. Specifically, Wyrick received an enhanced base offense level after the sentencing court found that he committed his underlying federal offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(4)(A); *see* USSG § 4B1.2(a) (defining "crime of violence"). The court relied on Wyrick's prior North Carolina breaking and entering conviction as the predicate crime of violence for this enhancement.

In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act, reaching offenses that "involve[ ] conduct that presents a serious

potential risk of physical injury to another," *see* 18 U.S.C. § 924(e)(2)(B)(ii) (2012), is unconstitutionally vague. 135 S. Ct. at 2556-63. In *Beckles*, however, the Supreme Court declined to extend the reasoning in *Johnson* to the Guidelines, holding that the Guidelines are not subject to a due process vagueness challenge and, thus, that the residual clause under USSG § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. at 895.

After *Beckles*, then, we may "look to the residual clause of section 4B1.2(a) in assessing whether [a defendant's] prior conviction is a crime of violence." *United States v. Waters*, No. 16-4214, 2017 WL 2672649, at *5 (4th Cir. June 21, 2017). The Government correctly asserts that a North Carolina breaking and entering conviction readily qualifies as a crime of violence under the then-operative residual language in § 4B1.2(a)(2), and Wyrick does not seriously contend otherwise. Further, we decline counsel's invitation to consider whether the residual clause in § 4B1.2(a)(2) suffers from a vagueness problem separate and apart from the constitutional dimensions recognized in *Johnson*. *See United States v. Wurie*, __ F.3d __, 2017 WL 3392673, at *3-6 (1st Cir. Aug. 8, 2017). [*]

Turning, then, to the issue proffered in the *Anders* brief—that the district court abused its discretion by refusing to run the federal sentence concurrent with the sentence that may be imposed on Wyrick's pending state charges—we agree that this claim is

---

[*] Our resolution of this issue obviates the need to consider Wyrick's secondary argument that his North Carolina breaking and entering conviction was not a viable crime of violence because it did not qualify as the enumerated offense of "burglary of a dwelling." USSG § 4B1.2(a)(2).

4

meritless. As counsel acknowledges, there is a presumption of consecutive sentences when sentences are "imposed at different times," *see* 18 U.S.C. § 3584(a) (2012), and the district court did not abuse its discretion in rejecting Wyrick's efforts to justify deviating from that presumption here, *see Setser v. United States*, 566 U.S. 231, 236-37 (2012) (recognizing courts of appeals' decisions upholding federal district court judges' discretion to determine whether to impose a federal sentence concurrent with, or consecutive to, a yet-to-be-imposed state sentence). Indeed, Wyrick was facing a separate state sentence for multiple counts of sexual assault, double first-degree rape, double first-degree kidnapping, and burglary that he allegedly committed in 1985, for which he was charged based on DNA testing. This conduct is plainly unrelated to the instant federal offense of illegally possessing a firearm. *Cf.* USSG § 5G1.3(c) (providing that the federal sentence should be imposed to run concurrent to a state sentence if the anticipated state sentence relates to an offense "that is relevant conduct to the instant offense of conviction").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Wyrick's conviction and sentence. This court requires that counsel inform Wyrick, in writing, of the right to petition the Supreme Court of the United States for further review. If Wyrick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wyrick. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*